UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. KULICK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br><br>BEVERLY VANDERMEULEN, et al.,<br><br>　　　　　　Defendants. | Case No.: 2:22-cv-01179-MEMF (ASx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION; DENYING PLAINTIFF'S MOTION TO RESUBMIT PLAINTIFF'S MOTION IN OJBECTIONS; AND DENYING PLAINTIFF'S MOTION TO REVIEW [ECF NO. 7]** |

　　On May 17 2022, Plaintiff R.J. Kulick filed a Motion for Emergency Injunction for enforcement of Leisure Village Association, Inc.'s Covenants, Conditions, and Restrictions ("CC&Rs") and Bylaws. ECF No. 7. In the same brief, Plaintiff also filed a Motion to Re-submit Plaintiff's Motion in Objections and a Motion to Review U.S. District Court Case No. 2:22-cv-1032-SB-SK. *Id.*

　　The Court DENIES Plaintiff's Motion for Emergency Injunction; DISMISSES Plaintiff's Motion to Resubmit his Motion in Objections WITHOUT PREJUDICE; and DISMISSES Plaintiff's Motion to Review WITH PREJUDICE.

　　///

1

## I. Background

On February 18, 2022, Plaintiff R.J. Kulick ("Kulick") filed a Complaint against Defendants Beverly Vandermeulen, Robert Bueling, Richard Loomis, Charles Kiskaden, George Jones, Robert Scheaffer, Beaumont Tashjian, Jeffrey A. Beaumont, Lisa A. Tashjian, Tara Radley, Michelman & Robinson, LLP, Howard I. Camhi, Jeff. F. Tchakarov, Edward D. Vaisbort, Kelly Hagemann, Robert Riveles, Patrick Price, Donald Marquardt, Manny Segovia, Daniel Rivas, Eugene Rubinstein, Leisure Village Association, Inc. ("LVA"), and Linda Grant (collectively "Defendants") for the following claims or causes of action: (1) "unconstitutional contracts and invalid contracts;" (2) violation of the Americans with Disabilities Act of 1990; (3) declaratory relief; (4) injunctive relief; (5) "filing of Magistrate Judge's Report and Recommendations before this Court dismisses this case for any reasons;" and (6) "unconstitutional state courts judgment awards of attorneys' fees and costs." ECF No. 1 ("Compl."). Among his other allegations, Kulick alleges that LVA has discriminated against Kulick on the basis of physical disability by denying him an exemption to move his vehicle off the street during street cleaning. *Id.* at 23.

On February 28, 2022, Kulick filed a Motion in Objections, in which he objected to further proceedings by a Magistrate Judge, the Court-directed ADR Program, and the Assigned Judge's Procedures on the basis of his medical condition. ECF No. 6. On May 17, 2022, Kulick filed the instant brief, containing his Motion for Emergency Injunction ("Motion" or "Mot."), Motion to Re-submit Objections ("Motion No. 1") (ECF No. 6), and Motion for Review ("Motion No. 3"). ECF No. 7.

## II. Legal Standard

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046*, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

///

### III. Discussion

As discussed above, to obtain an emergency injunction, Kulick must show: (1) that it is likely he will ultimately succeed in his case; (2) that he will suffer irreparable harm if the Court does not grant the requested emergency relief; (3) that the balance of equities is in his favor; and (4) that the public interest would be served by the granting of the emergency relief. The Court finds that Kulick has failed to justify the grant of an emergency injunction.

*Kulick Has Not Shown A Likelihood of Success on the Merits At This Early Stage*

First, the Court must consider whether Kulick is likely to succeed on the merits of the claim in his Complaint. The Court has considered Kulick's Motion for Emergency Injunction and his Complaint together, and understands that Kulick is alleging that LVA is discriminating against him due to his disability by not granting him a parking waiver as required by LVA's CC&Rs. Compl. at 23. At this early stage, and considering Kulick's submissions to date, Kulick has not provided sufficient and specific factual allegations, with support, that would establish that he is likely to succeed on this discrimination claim.[1]

*Kulick Has Not Explained How He Will Suffer Irreparable Harm If Emergency Relief Is Not Granted*

Second, Kulick must demonstrate that he will suffer irreparable harm if his Motion is not granted. Although he alleges in his Complaint that if LVA's discriminatory conduct continues, it "will cause the greatest [and] irreparable injury to [Kulick]," Compl. 17, he does not describe the nature of the injury he would suffer nor provide any specific factual allegations concerning LVA's allegedly discriminatory conduct.

*Kulick Has Not Shown That the Balance of Equities Or Public Interest Weigh In Favor Of Granting Emergency Relief*

Finally, Kulick has not shown sufficient facts for this Court to find that the balance of equities tips in his favor or the public interest would be served by the extraordinary remedy of

---

[1] Although Kulick does not describe his requested relief in the body of his Motion, in the Proposed Order he asks the Court to enforce LVA's CC&Rs and bylaws.

emergency relief. To the contrary, at this time, it does not appear that LVA's actions warrant urgent, emergency relief. For the foregoing reasons, the Court DENIES the Motion for Emergency Injunction.

### IV. Motion No. 1 ("Motion to Resubmit Objections")

In addition to requesting an emergency injunction, Kulick also submits Motion No. 1, resubmitting his Motion In Objections (ECF No. 6) filed February 28, 2022. In the Motion In Objections, Kulick contends that due to his disability, he is unable to comply with the Notice of Assignment to District Judge Maame Ewusi-Mensah Frimpong (ECF No. 3), the Notice to Parties of Court-directed ADR Program (ECF No. 4), and the Notice to Counsel re Consent to Proceed Before a United States Magistrate Judge (ECF No. 5). **Should Kulick still wish to pursue these Objections, he is advised to file the Motion in Objections again and specify in detail which of the Court's orders and requirements he cannot comply with and how his disability impacts his ability to comply with those orders and requirements.** The Court DISMISSES Motion No. 1 WITHOUT PREJUDICE.

### V. Motion No. 3 ("Motion to Review")

Finally, Kulick submits Motion No. 3, asking the Court to review Case No. 2:22-cv-01032-SB (SKx) pending before Judge Stanley Blumenfeld in the United States District Court of the Central District of California. Kulick filed this action against the U.S. Bankruptcy Court of the Central District of California on February 14, 2022.

As a general rule of judicial comity, this Court may not review the decisions of another court in the Central District of California. *See Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) ("[O]ne judge should not overrule another except for the most cogent reasons."); *see also Caster v. First Nat'l Bank*, 278 F.2d 376, 379 (9th Cir. 1960) (recognizing "the institutional and policy considerations militating against reconsideration of an earlier ruling by a judge of the same court" and noting that the rule that judges sitting in the same court should not attempt to overrule one another's decisions "is premised upon principles of comity and uniformity, and the need to preserve the orderly functioning of the judicial process").

This Court therefore declines the invitation to review the case requested. Accordingly, Motion No. 3 is DISMISSED WITH PREJUDICE.

**Kulick is ordered to direct any further requests for review regarding Case No. 2:22-cv-01032-SB (SKx) to Judge Blumenfeld or the Ninth Circuit Court of Appeals, as Kulick deems appropriate.**

### VI. Resources for Self-Represented Parties

The Court wishes to advise Kulick that the Court holds parties without an attorney to the same standards of conduct to which it holds attorneys and does not exempt them from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* C.D. Cal. L.R. 1-3 and 83-2.2.3. Appreciating the challenges which may come with self-representation, however, the Court provides guidance on the following resources, which Kulick may wish to consult in litigating this case:

- Information on the Federal Pro Se Clinic in Los Angeles, which offers on-site information and guidance to individuals who are representing themselves, can be found at https://prose.cacd.uscourts.gov/los-angeles.
- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov/.
- Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court-procedures/local-rules.
- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

The Court further reminds the Kulick to clearly notice a hearing date for his motions, no sooner than 28 days after the filing of the motion. Pursuant to Local Rule 7-4 "[o]n the first page of the notice of motion . . . there shall be included, under the title of the document, the date and time of the motion hearing." C.D. Cal. L.R. 4. All dates should be typed and shall not be handwritten onto the document.

///
///
///
///

### VII. Conclusion

In light of the foregoing, the Court ORDERS the following:

1. Kulick's Motion for Emergency Injunction is denied;
2. Kulick's Motion to Resubmit Objections is denied without prejudice;
3. Should Kulick still wish to pursue the Objections contained within the Motion to Resubmit Objections, he shall file an amended Motion to Resubmit Objections addressing the Court's request within thirty (30) days; and
4. Kulick's Motion to Review is denied with prejudice.

**IT IS SO ORDERED.**

Dated: May 23, 2022

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge