O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. KULICK,<br><br>                Plaintiff,<br><br>    v.<br><br>BEVERLY VANDERMEULEN, et al.,<br><br>                Defendants. | Case No.: 2:22-cv-01179-MEMF (ASx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN OPPOSITION [ECF NO. 9]** |

      Before the Court is Plaintiff R.J. Kulick's Motion in Opposition to the Entirety of the Court's Order of 5-23-22 ("Motion"). ECF No. 9. It appears that Plaintiff R.J. Kulick ("Kulick") is challenging the Court's Order issued on May 23, 2022. ECF No. 8. To the extent that Kulick is submitting a Motion for Reconsideration, the Court finds that Kulick has not met the standard and DENIES the Motion WITHOUT PREJUDICE.

      A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). As a result, there is no difference whether the order is reconsidered by the same

judge or by a different judge to whom the case has been reassigned. *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970). Indeed, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under FED. R. CIV. P. 59(e)). A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

The Court finds that the instant Motion is being used to reargue the Motion for Emergency Injunction, Motion to Resubmit Plaintiff's Motion in Objections, and Motion to Review that were submitted to this Court on May 17, 2022, and subsequently denied on May 23, 2022. ECF Nos. 7, 8. Because Kulick has failed to establish grounds warranting the use of this "extraordinary remedy," the Court DENIES his Motion for Reconsideration WITHOUT PREJUDICE.

To the extent that Kulick wishes to appeal this Court's May 23, 2022 Order (ECF No. 8), Kulick is ordered to direct any further requests for review to the Ninth Circuit Court of Appeals, as Kulick deems appropriate. Resources for pro se litigants may be found at:

https://www.cacd.uscourts.gov/court-procedures/filing-procedures/how-file-appeal.

Finally, the Court wishes to remind Kulick that the Court holds parties without an attorney to the same standards of conduct to which it holds attorneys and does not exempt them from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* C.D. Cal. L.R. 1-3 & 83-2.2.3.

IT IS SO ORDERED.

Dated: July 25, 2022

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge