O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. KULICK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BEVERLY VANDERMEULEN, et al.,<br><br>　　　　　　Defendants. | Case No.: 2:22-cv-01179-MEMF (ASx)<br><br>**ORDER DISMISSING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE; DISMISSING PLAINTIFF'S MOTION THAT COURT VIOLATED CONSITUTION; DENYING MOTION FOR EMERGENCY INJUNCTION; AND DISMISSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME [ECF NO. 12]** |

　　　　On July 26, 2022, Plaintiff R.J. Kulick filed a Motion for an Order to Show Cause Why this Motion Should Not Be Dismissed. ECF No. 12. In the same brief, Plaintiff also filed a Motion that the Court Violated the Constitution, a Motion for Emergency Injunction, and a Motion for Extension of Time. *Id.*

　　　　The Court DISMISSES Plaintiff's Motion for an Order to Show Cause WITHOUT PREJUDICE; DISMISSES Plaintiff's Motion that the Court Violated the Constitution WITHOUT PREJUDICE; DENIES Plaintiff's Motion for Emergency Injunction; and DISMISSES Plaintiff's Motion for Extension of Time WITHOUT PREJUDICE.

/ / /

1

### I. Factual and Procedural Background

On February 18, 2022, Plaintiff R.J. Kulick ("Kulick") filed a Complaint against Defendants Beverly Vandermeulen, Robert Bueling, Richard Loomis, Charles Kiskaden, George Jones, Robert Scheaffer, Beaumont Tashjian, Jeffrey A. Beaumont, Lisa A. Tashjian, Tara Radley, Michelman & Robinson, LLP, Howard I. Camhi, Jeff. F. Tchakarov, Edward D. Vaisbort, Kelly Hagemann, Robert Riveles, Patrick Price, Donald Marquardt, Manny Segovia, Daniel Rivas, Eugene Rubinstein, Leisure Village Association, Inc. ("LVA"), and Linda Grant (collectively "Defendants") for the following claims or causes of action: (1) "unconstitutional contracts and invalid contracts;" (2) violation of the Americans with Disabilities Act of 1990; (3) declaratory relief; (4) injunctive relief; (5) "filing of Magistrate Judge's Report and Recommendations before this Court dismisses this case for any reasons;" and (6) "unconstitutional state courts judgment awards of attorneys' fees and costs." ECF No. 1 ("Compl."). Among his other allegations, Kulick alleges that LVA has discriminated against Kulick on the basis of physical disability by denying him an exemption to move his vehicle off the street during street cleaning. *Id.* at 23.

On July 26, 2022, Kulick filed the instant brief, containing his Motion for an Order to Show Cause Why this Motion Should Not Be Dismissed ("Mot. 1"), Motion that the Court Violated the Constitution ("Mot. 2"), Motion for Emergency Injunction ("Mot. 3"), and Motion for Extension of Tim for Emergency Injunction ("Mot. 5"). ECF No. 12.

### II. Motion No. 1 ("Motion for Order to Show Cause")

In the caption of the instant Motion, Kulick requests an order to show cause regarding why this case should not be dismissed. **Should Kulick still wish to pursue this Motion for an Order to Show Cause, he is advised to file the Motion again and specify in detail the grounds for his request and why he is unable to file a dismissal on his own accord.** The Court DISMISSES Motion No. 1 WITHOUT PREJUDICE.

### III. Motion No. 2 ("Motion that Court Violated Constitution")

In addition, Kulick submits Motion No. 2, stating that the Court violated the U.S. Constitution. **Should Kulick still wish to pursue this Motion That the Court Violated the Constitution, he is advised to file the Motion again and specify in detail how the Court violated**

**the Constitution in handling his case.** The Court DISMISSES Motion No. 2 WITHOUT PREJUDICE.

### IV. Motion No. 3 (Motion for Emergency Injunction)

Furthermore, Kulick moves for an emergency injunction to delay property foreclosures at 38122, Camarillo, CA 93012. ECF No. 12 at 16.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The Court finds that Kulick has failed to justify the grant of an emergency injunction.

### A. Kulick has not shown a likelihood of success on the merits at this early stage.

First, the Court must consider whether Kulick is likely to succeed on the merits of the claim in his Complaint. The Court has considered Kulick's Motion for Emergency Injunction and his Complaint together and understands that Kulick is alleging that LVA is discriminating against him due to his disability by not granting him a parking waiver as required by LVA's CC&Rs. Compl. at 23. At this early stage, and considering Kulick's submissions to date, Kulick has not provided sufficient and specific factual allegations, with support, that would establish that he is likely to succeed on his claims.

### B. Kulick has not explained how he will suffer irreparable harm if emergency relief is not granted.

Second, Kulick must demonstrate that he will suffer irreparable harm if his Motion is not granted. While the Court acknowledges Kulick's grave concerns on being removed from his property, the Court finds that the aforementioned foreclosures are not related to the discrimination action before this Court. The Court is unable to identify any reference to foreclosures in his Complaint. Absent any further facts on the foreclosures, the Court declines to rule on the requested emergency relief.

### C. Kulick has not shown that the balance of equities or public interest weigh in favor of granting emergency relief.

Third, Kulick has not shown sufficient facts for this Court to find that the balance of equities tips in his favor or the public interest would be served by the extraordinary remedy of emergency relief. For the foregoing reasons, the Court DENIES the Motion for Emergency Injunction.

### V.   Motion for Extension of Time

Finally, Kulick submits Motion No. 5, requesting an extension of time. **Should Kulick still wish to pursue this Motion for Extension of Time, he is advised to file the Motion again and specify in detail what matter he would like an extension on and the date until which he would like to extend.** The Court DISMISSES Motion No. 5 WITHOUT PREJUDICE.

### VI.   Resources for Self-Represented Parties

The Court wishes to advise Kulick that the Court holds parties without an attorney to the same standards of conduct to which it holds attorneys and does not exempt them from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* C.D. CAL. L.R. 1-3 and 83-2.2.3.

The Court further reminds Kulick to clearly notice a hearing date for his motions, no sooner than 28 days after the filing of the motion. Pursuant to Local Rule 7-4 "[o]n the first page of the notice of motion . . . there shall be included, under the title of the document, the date and time of the motion hearing." All dates should be typed and shall not be handwritten onto the document.

Furthermore, a party filing any motion must contact opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution. Pursuant to Local Rule 7-3, the conference shall take place seven (7) days prior to the filing of the motion. As such, Kulick is required to consult with opposing counsel on the substance of any future motions, prior to filing his motion with the Court.

Finally, the Court wishes to advise Kulick that it may decline to consider motions and requests going forward for failure to comply with any of the Local Rules, including those mentioned above. C.D. CAL. L.R. 7-4.

### VII.   Conclusion

In light of the foregoing, the Court ORDERS the following:

1. Kulick's Motion for an Order to Show Cause is dismissed without prejudice;

Case 2:22-cv-01179-MEMF-AS   Document 17   Filed 08/11/22   Page 5 of 5   Page ID #:186

2. Kulick's Motion that the Court Violated the Constitution is dismissed without prejudice;

3. Kulick's Motion for Emergency Injunction is denied; and

4. Kulick's Motion for Extension of Time is dismissed without prejudice.

5. Should Kulick wish to further pursue these Motions, he shall file amended Motions addressing the Court's requests within thirty (30) days of this Order.

**IT IS SO ORDERED.**

Dated: August 11, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge